IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADAM STELTZ,

    Petitioner,

v.

BRANDON KELLY, Superintendent,
Oregon State Penitentiary,

    Respondent.

Case No. 2:17-cv-01857-MA

**OPINION AND ORDER**

MARSH, Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Currently before the Court are Petitioner's Amended Habeas Corpus Petition (ECF No. 19), Motion for Stay (ECF No. 46), and Motion to Add Further Claims (ECF No. 48); and Respondent's Motion to Dismiss (ECF No. 51). For the reasons set forth below, this Court denies Petitioner's motions, grants Respondent's motion to dismiss, and denies Petitioner's amended habeas corpus petition.

///

1 – OPINION AND ORDER

## BACKGROUND

In 2011, a jury convicted Petitioner of three counts of first-degree sodomy, one count of first-degree sexual penetration, one count of first-degree sexual abuse, and two counts of second-degree sexual abuse. Pet'r's Am. Pet. at 1-2 (Marion County Case No. 10C46694). The convictions arose out of allegations that Petitioner sexually assaulted two fellow inmates. Counts 1-3 relate to inmate "JR," and counts 4-7 relate to inmate "JV." Resp't Notice of Mootness (ECF No. 54), Att. 2 at 1-2. The trial court imposed a combined sentence of 400 months. Pet'r's Am. Pet. at 2.

The Oregon Court of Appeals affirmed Petitioner's convictions, but reversed and remanded a portion of his sentence on the basis that the trial court should have merged Petitioner's convictions on counts 6 and 7 (second-degree sexual assault) with counts 4 and 5 (first-degree sodomy). *State v. Steltz*, 259 Or. App. 212, 221 (2013), *rev. denied*, 354 Or. 814 and 355 Or. 751 (2014).

Petitioner thereafter sought state post-conviction relief (PCR). The PCR Court granted relief as to counts 4-7 (pertaining to inmate JV) because trial counsel rendered ineffective assistance of counsel. Pet'r's Am. Pet., Att. A at 3-4. The PCR court remanded the case to the trial court for further proceedings. *Id.* at 4. Petitioner appealed the denial of post-conviction relief on his remaining claims and the appeal was dismissed on August 10, 2018. *Steltz v. Amsberry*, No. A163838 (docket sheet).

On remand, the Marion County Circuit Court dismissed counts 4-7 due to the unavailability of a witness. Resp't Notice of Mootness, Att. 1. On February 4, 2019, however, a grand jury returned a new indictment again charging Petitioner with two counts of sodomy in the

first degree and two counts of sexual abuse in the second degree against inmate JV. Pet'r's Resp. to Mootness (ECF No. 57) at 1-3; *State v. Steltz*, Marion Cty. Case No. 19CR08554.

In the instant proceeding, Petitioner alleges that his retrial on the sodomy and sex abuse charges violates his right to be free from double jeopardy. Pet'r's Am. Pet. at 3-4. Respondent moves to dismiss the amended habeas petition on the basis that Petitioner's retrial does not constitute double jeopardy. Resp't Mot. to Dismiss at 3-4.

## DISCUSSION

### I. Petitioner's Motion to Stay

Petitioner moves this Court to stay Marion County Case No. 10C46694. Pet'r's Mot. to Stay at 1. This Court denies Petitioner's motion as moot because the Marion County Circuit Court has dismissed the pending charges in Case No. 10C46694.

Further, if the Court construes Petitioner's motion to be directed at the new indictment filed in Marion County Case No. 19CR08554, the motion is denied because, as set forth below, Petitioner has failed to demonstrate that his retrial violates the Double Jeopardy Clause and this Court therefore declines to interfere with an ongoing state criminal proceeding. *Cf. Readylink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (holding that a federal court should abstain from entering an order if it has the practical effect of enjoining an ongoing state criminal proceeding that implicates important state interests and the movant has an adequate opportunity to raise his constitutional claims in that proceeding).

### II. Petitioner's Motion to Add Further Claims

Petitioner has filed a motion captioned "Motion to Add Further Claims of Double Jeopardy, Torture & Deleted Transcripts, Property Withheld by U.S. Attorneys at Least to

Preserve for 9th Circuit Court's & U.S. Court's Supreme, Pursuant to 5th-14th U.S. Constitution Due Process, Equal Protection of Laws" (ECF No. 48). Although it is difficult to decipher, it appears Petitioner seeks to add claims based on allegations that (1) his court-appointed habeas counsel denied him due process and equal protection of the laws; (2) state judges Claudia Burton and Thomas Hart altered computer records and video recordings to hide the fact that "two punishments" were imposed on counts 4-7 due to "merger errors;" (3) Marion County jail staff assaulted him; (4) he was not paroled in November, 2014; and (5) Judge Burton ordered that he be held in solitary confinement and tortured. Pet'r's Mot. to Add Claims at 1-4.

This Court denies Petitioner's Motion to Add Claims because amendment would be futile. *See In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (holding that FED. R. CIV. P. 15(a) factors apply to the amendment of habeas corpus petitions). Petitioner's claim that habeas counsel violated his constitutional rights does not implicate the legality of the pending state charges; Petitioner's exclusive remedy for claims concerning the conditions of his confinement is a civil rights action (*see Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016));[1] and Petitioner's contention that he should have been released on parole in 2014 does not challenge the legality of the charges challenged in this proceeding.[2] This Court cannot discern any additional non-frivolous constitutional claim sought to be added.

---

[1] Petitioner's claim that Judge Burton subjected him to cruel and unusual punishment by suggesting that he be housed in solitary confinement was dismissed with prejudice in *Steltz v. Oregon*, No. 6:18-cv-01744-SB and *Steltz v. Oregon*, No. 6:18-cv-00719-YY.

2 Petitioner's claim concerning probation may pertain to the revocation of his 2004 probationary sentence for one count of attempted first-degree rape. *See State v. Steltz*, 259 Or. App. 292 (2013), *rev. denied*, 354 Or. 814 (2014) (rejecting Petitioner's assertion that the revocation of his probation on a 2004 conviction should be reversed in light of the court's decision that certain counts of his conviction 2011 conviction should be merged).

### III. Respondent's Notice of Mootness and Motion to Dismiss

#### A. Mootness

In his amended habeas petition, Petitioner alleges that a retrial on counts 4-7 violates his right to be free from double jeopardy. Pet'r's Am. Pet. at 3-4. On November 29, 2018, Respondent filed a "Notice of Mootness," notifying the Court that Marion County Case No. 10C46694 has been dismissed. However, as noted above, a grand jury recently re-indicted Petitioner on the same charges. Accordingly, this case is not moot. *See Dominquez v. Kernan*, 906 F.3d 1127, 1129, 1133-34 (9th Cir. 2018) (holding that the vacation of the petitioner's conviction did not render habeas proceeding moot because the petitioner "continues to present precisely the same legal claim that he presented when his petition was filed").

#### B. Habeas Jurisdiction

This Court construes Petitioner's § 2254 amended petition as a § 2241 petition because Petitioner has been a pretrial detainee (with respect to the challenged charges) during the entire course of this proceeding and he is challenging pending state charges. *See Stow v. Murashige*, 389 F.3d 880, 885-88 (9th Cir. 2004) (holding that pretrial detainee's double jeopardy challenge, filed under § 2254, should be treated as a § 2241 petition); *Wilson v. Belleque*, 554 F.3d 816, 821-24 (9th Cir. 2009) (holding that § 2241 is the proper basis to raise a pretrial double jeopardy claim and that a petitioner challenging pending charges, but who is confined based on other convictions, is "in custody" for purposes of § 2241).

#### C. Double Jeopardy

Respondent moves the Court to deny habeas relief because Petitioner's double jeopardy claim lacks merit. The Double Jeopardy Clause "'protects against successive prosecutions for the

same offense after acquittal or conviction.'" *Lemke v. Ryan*, 719 F.3d 1093, 1099 (9th Cir. 2013) (*quoting Monge v. California*, 524 U.S. 721, 727-28 (1998)). However, "[t]he Double Jeopardy Clause is not an absolute bar to successive trials." *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 308 (1984). It "does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988); *United States v. Scott*, 437 U.S. 82, 90-91 (1978); *United States v. Tateo*, 377 U.S. 463, 465 (1963).

In the instant proceeding, Petitioner alleges that the Double Jeopardy Clause bars his retrial because his convictions on counts 4-7 were vacated by the PCR court. Petitioner's claim lacks merit because a retrial after a conviction is vacated on collateral review due to ineffective assistance of counsel does not violate the Double Jeopardy Clause. Accordingly, habeas relief is not warranted.

## CONCLUSION

Based on the foregoing, this Court DENIES Petitioner's Motion to Stay (ECF No. 46) and Motion to Add Claims (ECF No. 48), GRANTS Respondent's Motion to Dismiss (ECF No. 51), and DENIES Petitioner's Amended Habeas Petition (ECF No. 19). This proceeding is DISMISSED, with prejudice. The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

DATED this __8__ day of April, 2019.

Malcolm F. Marsh
United States District Judge